IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FERNANDO NUNEZ, JR., | ) | |
| | ) | Civil Action No. 3:20-cv-208 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MARK BORSTNAR, | ) | Magistrate Judge Lenihan |
| LANDON SINCLAIR, | ) | |
| BRANDON CROYLE, and | ) | ECF No. 29/30 |
| LT. LEVADNUK, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

Presently before the Court is a Motion for Default Judgment filed by Plaintiff. ECF No. 29/30. For the reasons that follow, the Motion will be denied.

FACTS

Pro se Plaintiff, Fernando Nunez ("Plaintiff" or "Nunez"), filed this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Corrections Officer Mark Borstnar ("Borstnar"), Corrections Officer Landon Sinclair ("Sinclair"), Sergeant Brandon Croyle ("Croyle") and Lieutenant Levadnuk ("Levadnuk") (collectively "Defendants"). Defendants filed a Motion to Dismiss which was treated as a Motion for Summary Judgment on the issue of exfhaustion. The court denied the Motion on June 11, 2021. ECF No. 18. As Plaintiff correctly points out, each Defendant was required by the rules to file an answer to Plaintiff's Complaint within 60 days of that ruling. Defendants did not file an answer in a timely matter. After Plaintiff filed the within Motion, Defendants immediately filed their Answer. They also, per court Order filed a Response to the Motion for Default. In the Response, Defendants apologized for the

omission, and averred that the failure to file was an oversight of counsel and not the fault of the Defendants. ECF No. 33.

LEGAL STANDARD

Federal Rule of Civil Procedure § 55 governs the method for which a party may file for default judgement. A District Court is within its discretion to deny a motion for default judgement if the defense makes a harmless error during the pendency of the litigation. *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). A court should consider three factors when deciding whether to grant default judgement: "1. Prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct. *See United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984)." *Id.* The Third Circuit defines culpable conduct as: "actions taken willfully or in bad faith." *Gross v. Stereo Component Syst., Inc.*, 700 F.2d 120, 124 (3d Cir. 1983) (quoting *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 657 (3d Cir. 1982)). In a case regarding copyright infringement, the Court found that the defense had acted with culpable conduct when they failed to appear in court to address the action or to defend against the action in any manner. *Broad. Music, Inc. v. George Moore Enter., Inc.*, 184 F. Supp. 3d 166 (W.D. Pa. 2016).

ANALYSIS

Plaintiff argues that he has been prejudiced by this delay in that he cannot file a Motion for Judgment on the Pleadings per Fed. R. Civ. P. 12(c). As Defendants point out, Plaintiff can still file a Motion for Summary Judgment and raise any issues he may have. The Summary Judgment deadline is October 13, 2021, Defendants indicate they will not object to any extension Plaintiff requests and the Court would grant any such request.

Based on the facts of our case, it would not be appropriate to grant default judgement based on the defense's harmless error. The Plaintiff will not be prejudiced by a denial of default judgement. Moreover, the defendant's delay is not due to culpable conduct, as defined by the Third Circuit, as the actions were not "taken willfully or in bad faith." *Gross*, 700 F.2d at 124; *see Hritz v. Woma Corp.*, 732 F.2d 1178, 1183 (3d Cir. 1984) (here, the Court states that:

"negligence alone cannot support a default judgement"). It is highly unusual for a Plaintiff to be successful on a 12(c) Motion. Plaintiff can raise any issues he may have via Fed. R. Civ. P. 56. Granting default for the failure to timely file an answer would be exceptionally harsh given the lack of prejudice. Therefore, a grant of default judgement is not proper at this time.

**IT IS HEREBY ORDERED** that the Motion for Default Judgment (ECF No. 29/30) is **DENIED.**

Dated:  September 21, 2021

BY THE COURT

_____
LISA PUPO LENIHAN
United States Magistrate Judge

cc:    Fernando Nunez, Jr.
       FM8959
       SCI Manahoy
       301 Morea Road
       Frackville, PA 17932

3